

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**JAMES S. LESANE,**

    Plaintiff,

v.                                                Civil Action No. **3:08CV551**

**HOWARD D. SMITH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, filed this civil rights action. Plaintiff has moved to amend his complaint and filed a proposed amended complaint. Plaintiff's motion (Docket No. 14) is GRANTED. Plaintiff's amended complaint (Docket No. 15) will SUPPLANT the original complaint. The Court will review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Additionally, in conducting the present review the Court may consider matters of public record, such as the facts established

in conjunction with Plaintiff's conviction in this Court. *Anheuser-Busch v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (citing cases). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary Of Allegations

On December 4, 2007, Deputies Christopher Taylor and James Curtis illegally seized Plaintiff in a traffic stop. Sheriff Howard Smith condoned the illegal seizure by his subordinates. DEA Special Agent Michael Weston, following the illegal seizure committed by Taylor, Curtis, and Smith, illegally seized the Plaintiff and brought him into federal custody. Thereafter, at Plaintiff's suppression hearing, Deputy Taylor knowingly committed perjury at Plaintiff's suppression hearing in order to compel the Court to deny Plaintiff's motion to suppress evidence that was obtained during Plaintiff's unlawful seizure.

Plaintiff subsequently pled guilty to conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base. *See United States v. LeSane*, 3:08cr185 (E.D. Va. June 30, 2008). On September 29, 2008, the Court sentenced Plaintiff to one hundred and forty months of imprisonment. Plaintiff's conviction and sentence were based in part on the cocaine base recovered during his arrest on December 4, 2007.

Plaintiff names Sheriff Smith, Deputy Taylor, Deputy Curtis, and Special Agent Weston as defendants. Plaintiff demands $400,000,000.00 in damages and that his criminal conviction and sentence be set aside.

### III. ANALYSIS

Plaintiff's action is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.[1] In *Heck*, the Supreme Court "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey*, 278 F.3d at 375 (*citing Heck*, 512 U.S. at 484-86). The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

---

[1] "The rationale in *Heck* applies in actions under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)." *Omar v. Chasanow*, No. 08-8440, 2009 WL 693470, at * (4th Cir. Mar. 18, 2009) (*citing Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

4

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The principle procedural defect complained of by the inmate-litigant in *Balisok* was a biased decision-maker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Plaintiff's vague complaints are not limited to the sort of pretrial constitutional violations that do not necessarily impugn his outstanding conviction and sentence.[2] *See, e.g., Heck*, 512 U.S. at 487 n.7; *see e.g., Young v.*

---

[2] For example, the Supreme Court noted that a suit for damages attributable to an unreasonable search may not *necessarily* imply that a plaintiff's conviction was unlawful because of doctrines like independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n.7 (citing cases). The Supreme Court emphasized that "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted).

5

*Nickols*, 413 F.3d 416, 419 (4th Cir. 2005) (concluding claim of illegal extradition was not barred by *Heck*). Indeed, Plaintiff contends his complaints of an unlawful search and seizure necessarily imply the invalidity of his conviction and sentence. *See Baxter v. Crawford*, 233 F. App'x 912, 916 (11th Cir. 2007) (No. 06-15375), *available at* 2007 WL 1470254, at *4.

Because Plaintiff contends that success on his claims necessarily implies invalid confinement, under the second portion of the *Heck* analysis, Plaintiff must demonstrate he already has successfully contested his current conviction and sentence. *Heck*, 512 U.S. at 487. Plaintiff does not suggest that his convictions or sentence have been invalidated, so *Heck* bars his action. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Plaintiff's outstanding motions (Docket Nos. 16, 21, 23) will be DENIED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Date: JUN - 2 2009
Richmond, Virginia

/s/
Richard L. Williams
**United States District Judge**

6